**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
HELLAR-ANN HANCOCK, SB# 117075
  E-Mail: Hellar-Ann.Hancock@lewisbrisbois.com
LAURA A. FREE, SB# 311453
  E-Mail: Laura.Free@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, POP WARNER LITTLE SCHOLARS, INC., a nonprofit corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KIMBERLY ARCHIE, as survivor of decedent Paul Bright Jr., JO CORNELL, as survivor of decedent Tyler Cornell, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>POP WARNER LITTLE SCHOLARS, INC., a nonprofit corporation; NATIONAL OPERATING COMMITTEE ON STANDARDS ATHLETIC EQUIPMENT, a nonprofit organization; USA FOOTBALL, a foreign nonprofit corporation, and DOES 1-100,<br><br>Defendants. | CASE NO. 2:16-CV-06603-PSG-PLA<br><br>**DEFENDANT POP WARNER LITTLE SCHOLARS, INC.'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE PLAINTIFFS' COUNSEL FROM USING REPTILE THEORY ARGUMENTS; DECLARATION OF HELLAR-ANN HANCOCK**<br><br>*[Filed concurrently [Proposed] Order]*<br><br>The Hon. Judge Philip S. Gutierrez<br><br>Pretrial Conf.: January 6, 2020<br>Trial Date:   January 14, 2020 |

///

///

///

TO THIS HONORABLE COURT AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on **January 14, 2020** at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 6A of the above entitled court, located at 350 West 1st Street, 6th Floor, Los Angeles, California 90012-4565, Defendant POP WARNER LITTLE SCHOLARS ("Defendant") before trial and selection of jury in the above-entitled matter, will and hereby does move the Court for an order *in limine* precluding plaintiffs' counsel from using reptile theory arguments.

This Motion is supported by this Notice, the Memorandum of Points and Authorities attached, the Declaration of Hellar-Ann Hancock and supporting exhibits, the Court's files, and such further evidence and argument as the Court may require at the hearing.

DATED: November 23, 2019         LEWIS BRISBOIS BISGAARD & SMITH LLP

                                              By:   */s/ Hellar-Ann Hancock*
                                                   Hellar-Ann Hancock
                                                   Attorneys for Defendant, POP WARNER LITTLE SCHOLARS



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of the death Plaintiff, Kimberly Archie's son, Paul Bright Jr., and Jo Cornell's son, Tyler Cornell, which Plaintiffs claim was due to their participation in Pop Warner football from 1997 through 2004.[1] Plaintiffs allege both decedents suffered sub-concussive blows during their participation in Pop Warner football and ultimately developed Chronic Traumatic Encephalopathy which lead to their reckless and erratic behavior and ultimately their deaths via motorcycle accident and suicide.

Defendant anticipates plaintiffs' counsel may also attempt to present "reptile theory" questions to the jury and evidence or argument at trial based on the popular 2009 manual created for plaintiff's attorneys across the nation. The "Reptile Theory" constitutes an impermissible "Golden Rule" argument because it attempts to appeal to jurors' concerns about their own safety and the safety of the community, rather than the evidence regarding plaintiff. This theory may be appealing in the case at bar, where potential juror concerns regarding safety are particularly pronounced.

More specifically, Defendant anticipates plaintiffs' counsel will, in voir dire and then throughout the course of the trial, attempt to argue to the prospective jurors and jury they have the power to improve the safety of themselves, their family members and their community by rendering a verdict that will reduce or eliminate allegedly dangerous conduct of the sort at issue here, a sexual assault.

The following questions are examples of the types of questions that could be asked during voir dire that would fall within the gambit of Reptile Strategy:

- Q: Aside and apart from money for damages, how do you feel verdicts

---

[1] Neither Archie's ex-husband, Paul Bright, Sr., nor Jo Cornell's husband, Craig Cornell, are Plaintiffs in this lawsuit.

might affect community safety?

- Q: Do you feel you are a person that could be asked to decide rules about community safety?

- Don't you want to protect our women and children from sexual predators?[2]

Plaintiffs' counsel may also use this same untoward strategy during closing argument:

- You chose to be here, and so now you are here to decide what rules we are going to condone in this community for safety and what rules we're going to apply to the circumstances of this case.

- A jury is an incredibly powerful thing. I believe it is the most powerful group a person can belong to. For that reason, most countries do not have them. Juries protect the community and set the safety standards.

- The defendant's lack of understanding and caring about community safety standards caused harm to the plaintiff. The plaintiff never got to make those decisions. The decision is up to you.

- The defendant's conduct continues to threaten everybody. This type of conduct is a "powder keg." This is a community problem, a state problem, and a national problem.

- Now, your verdict is about the amount of money it will take to help and make up for the losses and the harm caused by the defendant. That is the first part of the verdict. The second part is about deterring future negligence, protecting other people that are similarly situated. That too, is part of your job.

- Money communicates the message of what you and this community will tolerate or will not for safety.

Pursuant to well-settled law, plaintiffs should be precluded from using this tactic to manipulate jurors' emotions at trial. For these reasons, this Court should prohibit plaintiffs from presenting any such irrelevant and prejudicial questioning,

---

[2] Indeed, similar evocative language has been used by plaintiffs in many of their briefs filed with the Court.

evidence or argument.

## II. THE TRIAL JUDGE HAS THE DISCRETION AND AUTHORITY TO PREVENT IMPROPER QUESTIONS FROM BEING POSED DURING VOIR DIRE

Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges. *Mu'Min v. Virginia* (1991) 500 U.S. 415, 431. Thus, the Court retains the authority to restrict voir dire within reasonable bounds. That discretion should be exercised here.[3]

## III. THIS COURT SHOULD PROHIBIT PLAINTIFFS FROM CONDUCTING VOIR DIRE OR PRESENTING ANY EVIDENCE OR ARGUMENT BASED ON THE IRRELEVANT AND PREJUDICIAL "REPTILE THEORY"

### A. Introduction to the "Reptile Theory"

In 2009, David Ball and Don C. Keenan co-authored *Reptile: The 2009 Manual of the Plaintiff's Revolution* ("*Reptile*.") *Reptile* is based on a concept by neuroscientist Paul MacLean that people are driven by the "triune" or "reptilian" portion of their brains. This portion of the brain is referred to as "reptilian" because its function is identical to the brain of reptiles, in that it houses basic life functions, such as breathing, balance, hunger, and the fundamental life force: survival. *Id.* at pp. 13, 17. The survival instinct extends beyond an individual's survival and has the larger purpose of allowing for the survival of the human species. *Id.* at p. 17.

The authors of the Reptile manual explain that the trial goal of a plaintiff's

---

[3] While it constitutes persuasive authority only, California law disallows counsel from making any effort to precondition the prospective jurors to a particular result or allow counsel to comment on the personal lives and families of the parties or their attorneys." See, California Rules of Court, Rule 3.1540(b); Standard 3.25 (f) of the Standards of Judicial Administration; Code of Civil Procedure section 222.5.

attorney should be to get a juror's brain into "reptilian" survival mode. *Reptile*, supra, at p. 18. The major axiom of Reptile is that "**When the Reptile** [(shorthand for the reptilian portion of the brain)] **sees a survival danger, she protects her genes by impelling the juror to protect himself and the community.**" *Id.* at p. 19. (Emphasis added.)

In the chapter entitled *Safety Rules and the Reptile*, the authors explain that every case needs an "umbrella rule" to trigger everyone's reptilian survival instincts. *Reptile*, supra, at p. 55. The authors define the umbrella rule for almost every case as follows:

> A driver [or physician, company, policeman, lawyer, accounting firm, etc.] is not allowed to needlessly endanger the public [or patients]. (*Id.* at p. 55.)

For example, in a subsection of Chapter Six, entitled *The Reptile and the Standard of Care*, the authors explain how to use the above "umbrella rule" as a starting point for avoiding expert testimony regarding standard of care, as follows:

> The Reptile is not fooled by defense standard-of-care claims. Jurors are, but not Reptiles. When there are two or more ways to achieve exactly the same result, the Reptile allows — demands! — only one level of care: the safest. And the Reptile is legally right. The second-safest available choice, *no matter how many "experts" say it's okay, always violates the legal standard of care*. Here's how:
>
> 1.    A doctor [*or whatever*] is never allowed to needlessly endanger a patient [*or whoever*]. In other words, a "prudent" [*or careful, depending on the instruction*] doctor does not needlessly endanger a patient.
>
> 2.    <u>When there's more than one available way to achieve exactly the same level of benefit, the doctor is not allowed to select a way that carries more danger than the other</u>. That would allow unnecessary danger, which doctors are not allowed to do.
>
> 3.    So a "*prudent*" doctor must select the safest way. If she selects the second-safest, she's not prudent because she's allowing unnecessary danger. (*Id.* at pp. 62-63, underlining added.)
>
> The standard of care is not what other doctors do. It is — exclusively — what *prudent* doctors do. <u>It makes no difference if the defendant met *other* standards of care</u>. In medicine, *every* choice must meet the risk/benefit requirement: "No unnecessary risk," meaning "<u>safest available choice</u>." *Id.* at p. 63, underlining added.

**B.  The Reptile Theory violates the bar against appeals to the self-interest of jurors.**

Any argument which tends to undermine the jury's impartiality violates the fundamental concept of an objective trial by an impartial jury. Indeed, at the most fundamental level, such arguments violate the defendant's constitutional rights. Litigants have a constitutional right to a trial of their claims before an impartial jury. (U.S. Const., amends. VI and XIV; Cal. Const., art. I, § 16; *Irvin v. Dowd* (1961) 366 U.S. 717, 722. For this right to have meaning, juries must decide cases based on the facts and law–not based on appeals to self-interest.

Most recently, in *Regalado v. Callaghan* (2016) 3 Cal. App. 5th 582, the plaintiff sued the Defendant for negligence and premises liability as a result of injuries the plaintiff suffered when he installed a pool heater on the defendant's property. *Regalado*, at 587-88. One of the issues Defendant raised on appeal was attorney misconduct when plaintiff introduced the "Reptile Theory" to the jury in closing argument. The statements included "[y]our voice is really going to have an impact. . . .You are the conscience of the community....You are going to make a decision what is right and what is wrong." Id., at 597-98. The Court plainly found this was an improper tactic and would impact the ability of the parties to obtain a fair trial because such arguments tend to undermine the jury's impartiality (at p. 598). Ultimately, it is improper for counsel to ask the jurors to put themselves in the shoes of a party, because doing so invites the jurors to become partisan advocates for the party rather than objective triers of fact. Such arguments should not be permitted by the Court here.

The "Reptile Theory" seeks to appeal to the jurors' subjective judgments about the best interests of the community rather than their impartial judgments predicated on the evidence. Thus, the "Reptile Theory" demands "the safest available choice." *Reptile, supra*, at p. 63. As the Reptile explains: "That's all the Reptile demands from anyone. And she really demands it, once you show her that

the violation can hurt her. . . ." *Id.* at p. 63. Any statements by plaintiff's counsel during jury voir dire about the concerns of the "community" would appear to be the beginning of a "Reptile" trial strategy, based not on the evidence concerning plaintiff, but on the jurors' concerns about their own safety and the safety of the community. This Court should nip this improper tactic in the bud by prohibiting at the outset of trial any efforts by plaintiff to use the "Reptile Theory" to present such impermissible "Golden Rule" arguments.

There is a relatively recent trend among the plaintiff's bar suggesting plaintiff's lawyers must appeal to the jurors' own sense of self-protection in order to persuade and prevail at trial. This tactic is based upon the notion that appealing to a juror's self-protective instincts will reverberate as it resonates with an innate desire to protect one's life. Thus, a trial lawyer can communicate most effectively by converting every issue into one of self-protection (or relatedly, community safety). By linking every argument in some way to a juror's sense of personal or community safety, the plaintiff's lawyer increases his chance of prevailing. Plaintiff's lawyers are told to "use the powerful Reptilian imperative" to use devastating events as a springboard from which to create safety. They are further told to express to the jury that every injury presents a hope for a safer future and to position the jurors as the cultivators of that hope. The goal is for the plaintiff's lawyer to convince the jury a verdict for the plaintiff will make the community safer because it will prevent the defendant or others similarly situated from harming the juror, his family, or someone close to him. Such efforts can only be seen as an attempt to resurrect "Golden Rule arguments," which are impermissible in California (and most other jurisdictions in the United States.) [4]

---

[4] Perhaps most telling is the "**CAVEAT**" contained on Page 8 of the Manual which warns as follows: "The language of this book – "Reptile,", "Code," "Tentacles of Danger," etc., are used to teach you how this approach works. Such words are not for the jury." *Id.* at 8.

1  Defendant maintains plaintiffs' counsel will make every attempt during voir
2  dire, examination of witnesses and during closing argument to circumvent this
3  evidentiary rule by asking the jurors to put themselves in the same position as the
4  plaintiffs - a position of jeopardy that improperly calls upon survival instincts.

### IV. SUCH IMPROPER ARGUMENT IS ALSO INADMISSIBLE BECAUSE IT IS IRRELEVANT, AND TO THE EXTENT IT HAS A MODICUM OF RELEVANCE, IT IS UNDULY PREJUDICIAL

"'Unfair prejudice" generally connotes an undue tendency to suggest a trier's decision on an improper basis. Fed. R. Evid. 403, advisory committee's note.) In *United States v. Bailleaux* (9th Cir. 1982) 685 F.2d 1105, 1111 n.2, the Court observed: "'[U]nfair prejudice' means that the evidence not only has a significant impact on the defendant's case . . . but that its admission results in some unfairness to the defendant because of its non-probative aspect." Accordingly, trial courts should exclude marginally relevant but extremely prejudicial evidence. *United States v. Gillespie* (9th Cir. 1988) 852 F.2d 475, 479.

There is no probative value arising from the use of a reptile strategy. In contrast, permitting plaintiffs' counsel to use these tactics would undoubtedly create a substantial danger of undue prejudice against the Defendant by inflaming the jury and appealing to their bias, prejudice and emotion.

### V. CONCLUSION

For the foregoing reasons, Defendant respectfully request the Court grant this Motion *in Limine* in its entirety.

DATED: November ___, 2019       LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ___/s/ Hellar-Ann Hancock___
    Hellar-Ann Hancock
    Attorneys for Defendant, POP WARNER LITTLE SCHOLARS

## DECLARATION OF HELLAR-ANN HANCOCK

I, Hellar-Ann Hancock, declare as follows:

1. I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant, POP WARNER LITTLE SCHOLARS ("Defendant.") The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. The argument at issue in this Motion is unduly prejudicial. If the jury were to consider this argument, it is likely to provoke an emotional response from the jury, and would prevent them from considering the actions were they are being asked to consider in the case at bar.

3. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 12, 2019.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on November __, 2019, at Los Angeles, California.

*/s/ Hellar-Ann Hancock*
HELLAR-ANN HANCOCK

# FEDERAL COURT PROOF OF SERVICE

Kimberly Archie v. Pop Warner Little Scholars, Inc. - Case No. 2:16-cv-06603-PSG-PLA

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On November 22, 2019, I served the following document(s): DEFENDANT POP WARNER LITTLE SCHOLARS, INC.'S MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' COUNSEL FROM USING REPTILE THEORY ARGUMENTS; DECLARATION OF HELLAR-ANN HANCOCK

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on November 22, 2019, at Los Angeles, California.

*s/ Tania Moore*
Tania Moore



4839-7267-1916.1

5:15-cv-02202 GW (KK)

DEFENDANT POP WARNER LITTLE SCHOLARS, INC.'S MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' COUNSEL FROM USING REPTILE THEORY ARGUMENTS

# SERVICE LIST
**Kimberly Archie v. Pop Warner Little Scholars, Inc.**
**2:16-cv-06603-PSG-PLA**

| | |
|---|---|
| Robert W. Finnerty, Esq.<br>Law Offices of Robert W. Finnerty<br>16001 Ventura Blvd., Suite 200<br>Encino, CA 91436<br>Telephone: (747) 214-4182<br>rfinnerty@girardikeese.com | *Attorneys for Plaintiff*<br>Jo Cornell |
| Christopher E. Brumfiel, Esq.<br>Robert B. Lueck, Esq.<br>BOORNAZIAN, JENSEN & GARTHE<br>A Professional Corporation<br>555 12th Street, Suite 1800<br>Oakland, CA 94607<br>Telephone: (510) 834-4350<br>Fax: (510) 839-1897<br>cbrumfiel@bjg.com<br>rlueck@bjg.com<br>**(Via Mail)** | *Attorneys for Defendant*<br>Pop Warner Little Scholars, Inc. |
| Ian A. Stewart, Esq.<br>Patrick M. Kelly, Esq.<br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER, LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, CA 90071-2407<br>Telephone: (213) 443-5100<br>Fax: (213) 443-5101<br>ian.stewart@wilsonelser.com<br>Patrick.kelly@wilsonelser.com | *Attorneys for Defendant*<br>Pop Warner Little Scholars, Inc. |
| Anthony B. Corleto, Esq.<br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER, LLP<br>1010 Washington Boulevard<br>Stamford, Connecticut 06901<br>Telephone: (203) 288-2404<br>Fax: (203) 388-9101<br>anthony.corleto@wilsonelser.com<br>(Admitted Pro Hac Vice) | *Attorneys for Defendant*<br>Pop Warner Little Scholars, Inc. |

4839-7267-1916.1

5:15-cv-02202 GW (KK)

DEFENDANT POP WARNER LITTLE SCHOLARS, INC.'S MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFFS' COUNSEL FROM USING REPTILE THEORY ARGUMENTS