Boris Treyzon, Esq. (SBN 188893)
btreyzon@actslaw.com
Slav Kasreliovich, Esq. (SBN 256807)
skasreliovich@actslaw.com
Joseph Finnerty, Esq. (SBN 298678)
jfinnerty@actslaw.com
Michael Patrick Kelly, Esq. (SBN 311045)
mkelly@actslaw.com
**ABIR COHEN TREYZON SALO, LLP**
16001 Ventura Blvd., Suite 200
Encino, California 91436
Telephone: (424) 288-4367 | Fax: (424) 288-4368

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| KIMBERLY ARCHIE, et al.<br><br>Plaintiffs,<br>vs.<br><br>POP WARNER LITTLE SCHOLARS, INC., a nonprofit corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-06603-PSG-PLA<br><br>*Assigned to the Honorable Phillip S. Gutierrez*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OR LIMIT THE OPINONS OF PLAINTIFFS' EXPERT, ENRICO ESPOSITO; DECLARATION OF BORIS TREYZON**<br><br>*Trial Date: January 14, 2020* |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. UNDER DAUBERT, THE DISTRICT COURT ACTS AS A GATE KEEPER, NOT A FACT FINDER AND IS GIVEN BROAD LATITUDE IN DETERMINING THE RELIABILITY OF EXPERT TESTIMONY ....................................................................................................... 1

III. ESPOSITO'S KNOWLEDGE, SKILL, EXPERIENCE, TRAINING AND EDUCATION RENDER HIM COMPETENT TO TESTIFY CONCERNING THE INCREASED RISKS TO YOUNG CHILDREN PLAYING TACKLE FOOTBALL AND POP WARNER'S FAILURE TO FOLLOW PRUDENT SPORT SAFETY RISK MANAGEMENT STRATEGIES………………………………………………………………..…3

IV. ESPOSITO'S OPINIONS WILL ASSIST THE TRIER OF FACT…………………………………………………………………..............5

V. THERE IS A WELL RECOGNIZED CONNECTION BETWEEN REPETITIVE CRANIAL HITS AND CTE

VI. ESPOSITO'S OPINIONS ARE SUPPORTED BY HIS REASONABLE APPLICATION OF PRINCIPALS AND METHODS TO THE FACTS OF THIS CASE......................................................................... 7

VII. CONCLUSION ................................................................................................. 10

i

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OR LIMIT THE OPINONS OF PLAINTIFFS' EXPERT, ENRICO ESPOSITO; DECLARATION OF

# TABLE OF AUTHORITIES

## CASES

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*
(1993) 509 U.S. 579, 596..................................................................1, 2, 3, 5, 9, 10

*Kumho Tire Co. v. Carmichael* (1999) 526 U.S. 137, 142 ...............................2, 3

*Jahn v. Equine Services, PSC* (6th Cir. 2000) 233 F. 3d 382, 392. ....................5

*Hangarter v. Provident Life and Acc. Ins. Co.* (2004) 373 F.3d 998 ................9

*Mukhtar v. Cal. State Univ., Hayward* (9th Cir. 2002) 299 F. 3d 1053 at 1169.....9

*PixArt Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd.*, (N.D. Cal. Oct. 27, 2011. No. C 10–00544 JW, 2011 WL 5417090, at *4 (Not Reported in F. Supp. 2d). ..............................................................................................................2

*Thomas v. Newton Int'l Enterprises,* 42 F.3d 1266, 1269 (9th Cir.1994) ............3

*Rogers v. Raymark Industries. Inc.,* 922 F.2d 1426, 1429 (9th Cir.1991) ...........3

*Speicher v. Union Pacific R. R.,* No. C07-05524 RBL, 2009 WL 250026, at *3 (W.D. Wash. Feb. 2, 2009) ..................................................................................8

*United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi* (5th Cir. 1996) 80 F. 3d 1074,1078 ............................................................................3

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OR LIMIT THE OPINONS OF PLAINTIFFS' EXPERT, ENRICO ESPOSITO; DECLARATION OF

*United States v. Morales* (9th Cir. 1997) 108 F.3d 1031, 1038 ..........................2

*Viterbo v. Dow Chem.* (5th Cir. 1987) 826 F.2d 420, 422 ...............................2

*Walker v. Soo Line R.R. Co.* (7th Cir. 2000) 208 F.3d 581, 590.........................5

**Rules**

*Federal Rules of Evidence Rule* 702  .................................................1, 3

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OR LIMIT THE OPINONS OF PLAINTIFFS' EXPERT, ENRICO ESPOSITO; DECLARATION OF

Plaintiffs Kimberly Archie and Jo Cornell ("Plaintiffs") hereby submit the following memorandum of points and authorities and declaration of Boris Treyzon in opposition to Defendant Pop Warner Little Scholars, Inc's ("Pop Warner") motion to exclude or limit the opinion of Plaintiffs' expert Enrico Esposito ("Esposito"):

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### INTRODUCTION

Pop Warner has failed to set forth a coherent argument supporting its objections to Esposito's testimony. Esposito's academic and thirty years of experience Sports Medicine, Sport Fitness Management, Athletic Training, Strength & Conditioning render him undeniably qualified to attest to Pop Warner's failure to adequately address the increased risks to developing children playing tackle football, as well as Pop Warner's failure to follow prudent sport safety risk management strategies. Moreover, Pop Warner's additional critiques of his testimony go to weight and do not support exclusion.

### II.

### UNDER *DAUBERT*, THE DISTRICT COURT ACTS AS A GATE KEEPER, NOT A FACT FINDER AND IS GIVEN BROAD LATITUDE IN DETERMINING THE RELIABILITY OF EXPERT TESTIMONY

*Federal Rules of Evidence Rule* 702 provides, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;(b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

1

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OR LIMIT THE OPINONS OF PLAINTIFFS' EXPERT, ENRICO ESPOSITO; DECLARATION OF

To be admissible, expert testimony must (1) address an issue beyond the common knowledge of the average layman, (2) be presented by a witness having sufficient expertise, and (3) assert a reasonable opinion given the state of the pertinent art or scientific knowledge. *United States v. Morales* (9th Cir. 1997) 108 F.3d 1031, 1038. The district court is accorded broad latitude in determining the reliability of expert testimony. *Kumho Tire Co. v. Carmichael* (1999) 526 U.S. 137, 142. The threshold for qualification is low for purposes of admissibility; minimal foundation of knowledge, skill, and experience suffices." *PixArt Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd.*, (N.D. Cal. Oct. 27, 2011. No. C 10–00544 JW, 2011 WL 5417090, at *4 (Not Reported in F. Supp. 2d).

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Viterbo v. Dow Chem.* (5th Cir. 1987) 826 F.2d 420, 422. Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579, 596.

> "When considering the applicability of *Daubert* criteria to the particular case before the court, the inquiry must be flexible. Peer reviewed scientific literature may be unavailable because the issue may be too particular, new, or of insufficiently broad interest, to be in the literature. Lack of certainty is not, for a qualified expert, the same thing as guesswork. "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline."[3] "[T]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the

2

expert's particular expertise, and the subject of his testimony." Reliable expert testimony need only be relevant, and need not establish every element that the plaintiff must prove, in order to be admissible." *Primiano v. Cook* (2010) 598 F.3d 558,565-565.

*Daubert* did not work a "seachange over federal evidence law," and "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi (5th Cir. 1996)* 80 F. 3d 1074,1078.

In the case at bar, Esposito's opinion testimony satisfies the standards for admissibility under *Federal Rules of Evidence, Rule* 702. Consequently, while Pop Warner is free to challenge his testimony, it has not set forth a basis for its exclusion.

## III.

## ESPOSITO'S KNOWLEDGE, SKILL, EXPERIENCE, TRAINING AND EDUCATION RENDER HIM COMPETENT TO TESTIFY CONCERNING THE INCREASED RISKS TO YOUNG CHILDREN PLAYING TACKLE FOOTBALL AND POP WARNER'S FAILURE TO FOLLOW PRUDENT SPORT SAFETY RISK MANAGEMENT STRATEGIES

"In the Ninth Circuit, an expert may be qualified to offer a particular opinion either as a result of practical training or academic experience. *Thomas v. Newton Int'l Enterprises*, 42 F.3d 1266, 1269 (9th Cir.1994) ("[T]he advisory committee notes emphasize that Rule 702 is broadly phrased and intended to embrace more than a narrow definition of qualified expert"); *Rogers v. Raymark Industries. Inc.*, 922 F.2d 1426, 1429 (9th Cir.1991) ("A witness can qualify as an expert through practical experience in a particular field, not just through academic training"). See also *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) ("[N]o one denies

3

that an expert might draw a conclusion from a set of observations based on extensive and specialized experience").") *In re ConAgra Foods, Inc.* (2014) 302 F.R.D. 537, 550

Esposito received a Dual-Masters of Sport Science Degree in Sports Medicine and Sport Fitness Management. He is a Chiropractic Physician with certifications in Athletic Training, Strength & Conditioning, Rehabilitation, Exercise Physiology, Sport Safety & Emergency Response Management, Substance Abuse Counseling, and Occupational Safety & Health. He traveled with Life University's nationally-ranked Sports Teams as an Athletic Trainer. He completed Post-Graduate work in Sport Coaching and Sport Psychology. He is a NATA - Certified Athletic Trainer and an NSCA - Certified Strength and Conditioning Specialist. He has served as a Team Physician, an Athletic Trainer, and a Strength Coach at the High School, College, and Professional/Olympic levels. He was also a certified CPR/First Aid/AED Instructor; teaching for the American Red Cross for over 30 years.[1]

He has taught courses Sports Medicine, Sports Biomechanics, Sport Coaching Methodology, Exercise Physiology, Personal Training, Sports Medicine, Sports Strength & Conditioning, Scientific Principles of Coaching, Applied Sports Performance, Goniometry & Manual Muscle[2] He was trained by Steve Devich in the King-Devich test which captures impairment of eye movements, attention, language, and other areas that correlate with suboptimal brain function.[3]

Esposito also has thirty years of experience in football, rugby, baseball, sport medicine, sport coaching safety, emergency response, risk management and injury epidemiology.[4]

---

[1] Exhibit "B" to Moving Papers;98-102
[2] Exhibit "B" to Moving Paper;115
[3] Ex. A to Treyzon Declaration; Esposito Depo. 37:8-14
[4] Ex. B to Moving Papers;86:27-87:6

4

In addition to the foregoing, Esposito was a Pop Warner coach in East Brunswick, New Jersey for three years from 1991 to 1993.[5] During the time he was a Pop Warner coach, he read the Pop Warner rule book.[6] While Pop Warner complains that this experience was not during the exact years that Paul Bright ("Bright") and Tyler Cornell ("Cornell") played Pop Warner football, both the coaching and playing took place in the nineties. As such, the time frames were sufficiently close to render Esposito's testimony as to Pop Warner's practices germane to the issues at bar. Further, Pop Warner's assertion that Esposito's experiences with Pop Warner football on the East Coast do not apply to West Coast Pop Warner football is unpersuasive. Pop Warner is a national organization and thus the issues raised by its representations, supervision, standards etc. apply equally to football played under its auspices in either coast.

Based upon his academic credentials and experience, Esposito is uniquely qualified to testify as an expert concerning the issues raised by Plaintiffs' claims with respect to Pop Warner football.

## IV.

## ESPOSITO'S OPINIONS WILL ASSIST THE TRIER OF FACT

Expert opinion testimony is appropriate when the factual issue is one that the trier of fact would not ordinarily be able to resolve without technical or specialized assistance. *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 US 579, 591. An expert's testimony can assist the trier of fact even if it does not resolve an issue with complete certainty. *Walker v. Soo Line R.R. Co.* (7th Cir. 2000) 208 F.3d 581, 590. [E]xperts are just witnesses, and they need not be purveyors of ultimate truth in order to be allowed on the stand." *Jahn v. Equine Services, PSC* (6th Cir. 2000) 233 F. 3d 382, 392.

Here, Plaintiffs Esposito's opinion testimony is **beyond the common**

---

[5] Ex. A to Treyzon Declaration; Esposito Depo. 7:2-15
[6] Ex. A to Treyzon Declaration; Esposito Depo. 50:16-51:18

experience of the jurors and will assist the trier of fact in the resolution of issues presented by this action.

## V.
## THERE IS A WELL RECOGNIZED CONNECTION BETWEEN REPETITIVE CRANIAL HITS AND CTE

Plaintiffs have designated Omalu Bennet, M.D., as a rebuttal expert.[7] He is a well-recognized expert in forensic pathologist and neuropathologist who has published findings regarding CTE in American football players. He is the co-founder and director of the Brain Injury Research Institute and will opine as to the connection between Cornell and Bright's playing Pop Warner football, the resulting CTE and their early and violent deaths.[8] These opinions are further bolstered by the opinion testimony of Nathan Rose and Madeline Swortwood, P.h.D.[9]

Additionally, this opinion is supported by Pop Warner's own expert Dr. Julian Bailes. Indeed, Dr. Bailes testified that "the only known cause of CTE is repetitive cranial impact."[10] He further testified that "repetitive subconcussive blows are a factor" in developing CTE,[11] and that "CTE changes in the brain can, in fact, be found in younger players."[12] He testified that, football players are "boxers in helmets."[13] Finally, Dr. Bailes agreed that "a diagnosis of prior concussion or concussive brain injury is not necessary for somebody to be afflicted by CTE."[14]

---

[7] Exhibit "C" to the Treyzon Declaration
[8] Exhibit "C" to the Treyzon Declaration
[9] Exhibit "C" to the Treyzon Declaration
[10] Exhibit "B" to the Treyzon Declaration (Bailes Deposition 68:7-12)
[11] Exhibit "B" to the Treyzon Declaration (Bailes Deposition 71:5-10)
[12] Exhibit "B" to the Treyzon Declaration (Bailes Deposition 71:11-13)
[13] Exhibit "B" to the Treyzon Declaration (Bailes Deposition 19:17-20)
[14] Exhibit "B" to the Treyzon Declaration (Bailes Deposition 51:19-22)

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OR LIMIT THE OPINONS OF PLAINTIFFS' EXPERT, ENRICO ESPOSITO; DECLARATION OF

Dr. Bailes testified that in every football game a child "suffer[s] blows to the head…"[15]

In sum, there is a well-recognized connection between repetitive cranial impact and CTE.

## VI.

## ESPOSITO'S OPINIONS ARE SUPPORTED BY HIS REASONABLE APPLICATION OF PRINCIPALS AND METHODS TO THE FACTS OF THIS CASE

Esposito's opinion testimony provides in part:

"The young athletes' physical structure is not ready for such repetitive forces. The head size with additional weight of the non-appropriate age protective helmet, designed for adults, puts them at greater risk. The disproportionate head/neck size and upper torso development makes these young athletes non-performance ready, and not suitable to endure collision hits in football….and [Pop Warner] did not take into consideration the prudent sport safety risk management strategies: proper due care of supervision, and sub-standard inappropriate age appropriate equipment (Helmets), and structured developmental growth considerations for different levels of play; thereafter, increased the risk of injury to the participants…" [16]

Esposito based his opinion both based upon his relevant thirty year experience of professional training and expertise in football, ruby, sport medicine, sport coaching, child athlete safety, emergency response, risk management and injury epidemiology. In addition, he considered relevant materials, including the declarations of Bennet Omalu, Michael Oliver, Michael Duvall, Ian A. Stewart and John Butler, football literature, including Pop Warner Rules,[17] the 1957

---

[15] Exhibit "B" to the Treyzon Declaration (Bailes Deposition 43:3-7)
[16] Exhibit "B" to Moving Papers; 96
[17] Exhibit B to Moving Papers; 87:14-28

7

Statement of Policy by the American Academy of Pediatrics which recommended that tackle football be avoided in children's sports programs and the 1928 Martland's study on boxing.[18]

In addition to the foregoing, Esposito had direct experience as a Pop Warner coach in 1991-1993. He testified that there was no protocol or written instructions during his time as a Pop Warner coach as to what should be done if a player got a "dinger."[19] He testified that if a kid if a little fazed, a little woozy, you looked into his eyes, kept him out a couple of plays and put him back into the game.[20] Further, he testified that there were no rules and requirements to become a coach. If you wanted to volunteer the only thing that they asked was whether you had played football before.[21] There was no age requirement.[22] There were no requirements with respect to first aid or medical aid.[23] Contrary to Pop Warner's arguments, this testimony reflects Pop Warner's protocols (or absence of same) at or about the same time that Bright and Cornell were playing Pop Warner Football.

Esposito's opinions are the product of his *knowledge and experience* in addition to his academic and professional background and are admissible on this basis. In *Speicher v. Union Pacific R. R.*, No. C07-05524 RBL, 2009 WL 250026, at *3 (W.D. Wash. Feb. 2, 2009) Defendant Union Pacific Railroad brought a motion to exclude the testimony of railroad engineer ("Mr. Beall") in an action where plaintiff claimed injuries which occurred when the train he was operating hit a truck stopped on the railroad track. Mr. Beall had run a train line, had been in the forensic railroad business for 20 years, authored publications on railroad operation issues and gave presentations about operations and investigations. His

---

[18] Ex. "A" to Treyzon Declaration; Esposito Depo. 166:22-24
[19] Ex. A to Treyzon Declaration; Esposito Depo. 48:8-19
[20] Ex. A to Treyzon Declaration; Esposito Depo. 78:1-19-79:4
[21] Ex. A to Treyzon Declaration; Esposito Depo. 122:17-123:2
[22] Ex. A to Treyzon Declaration; Esposito Depo. 123:3-5
[23] Ex. A to Treyzon Declaration; Esposito Depo. 123:18-21

8

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OR LIMIT THE OPINONS OF PLAINTIFFS' EXPERT, ENRICO ESPOSITO; DECLARATION OF

proposed expert testimony related to how easy it was to hit the wrong button on the remote controlled locomotive, the general advantages of a traditional cab setup, issues relating to communications between the plaintiff and his supervisor, plaintiff's position on the train and training.

As here, Defendant challenged Mr. Beall's credentials and methodology. The district court denied the motion to exclude as to both objections. On the issue of methodology, it explained that the *Daubert* factors were not mandatory and unreasonable measures of Mr. Beall's competence in that general views about railroad observations and safety, "cannot be tested, are not appropriate subjects of peer review, and do not have a known potential rate of error. Further, no relevant scientific community exists to accept the views." (*3) The district court further explained that Mr. Beall's experience both as an railroad engineer and as the author of publications was sufficient for the type of testimony offered.

In *Hangarter v. Provident Life and Acc. Ins. Co.* (2004) 373 F.3d 998, a bad faith insurance case, the district court admitted the testimony of plaintiff's proposed expert on the issue of claims adjustment standards ("Caliri") over defendant's objection. Caliri had twenty-years years' experience working for insurance companies and as an independent consultant. On the issue of reliability, the court stated, "….the reliability of non-scientific testimony such as Caliri's, the "*Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it." [quoting *Mukhtar v. Cal. State Univ., Hayward* (9th Cir. 2002) 299 F. 3d 1053 at 1169]

As noted, Esposito based his opinion based upon his academic credentials, his relevant thirty years of experience, his review of relevant documents as well as medical studies pre-dating the time when Bright and Cornell played Pop Warner football. Esposito's testimony satisfies the standards of Daubert and should be

9

admitted by this court.

## VI.
## CONCLUSION

Based upon the foregoing, this court should deny Pop Warner's motion to exclude in its entirety.

Dated: November 13, 2019

**ABIR COHEN TREYZON SALO, LLP**

By: _____
Boris Treyzon, Esq.
Slav Kasreliovich, Esq.
Joseph Finnerty, Esq
Michael P. Kelly, Esq.
Attorneys for Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OR LIMIT THE OPINONS OF PLAINTIFFS' EXPERT, ENRICO ESPOSITO; DECLARATION OF

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 16001 Ventura Blvd, Suite 200, Encino, California 91436

On December 2, 2019, I served true copies of the following document(s) described as

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OR LIMIT THE OPINONS OF PLAINTIFFS' EXPERT, ENRICO ESPOSITO; DECLARATION OF BORIS TREYZON**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 2, 2019, at Los Angeles, California.

/s/ Flor Pedro
Flor Pedro