1  Boris Treyzon, Esq. (SBN 188893)
   *btreyzon@actslaw.com*
2  Joseph Finnerty, Esq. (SBN 298678)
   *jfinnerty@actslaw.com*
3  Michael Kelly, Esq. (SBN 311045)
   *mkelly@actslaw.com*
4  **ABIR COHEN TREYZON SALO, LLP**
   16001 Ventura Blvd, Suite 200
   Encino, California 91436
5  Telephone: (424) 288-4367 | Fax: (424) 288-4368

6  Attorneys for Plaintiff

7

8              **UNITED STATES DISTRICT COURT**

9   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  KIMBERLY ARCHIE, et al.          | Case No.: 2:16-CV-06603-PSG-PLA

12            Plaintiff,             | *Assigned to: Honorable Philip Gutierrez,*
    vs.                              | *Courtroom 6A, 6th Floor*
13
    POP WARNER LITTLE SCHOLARS,      |
14  INC., a nonprofit corporation; and | **PLAINTIFFS' OBJECTION TO**
    DOES 1 through 50, inclusive,    | **DEFENDANT'S BILL OF COSTS**
15
            Defendants.             | *Action Filed:*   September 1, 2016
16                                   | *Trial Date:*     January 14, 2020

17

18

19

20

21

22

23

24

25

26

27

28

---

1

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

## I.     INTRODUCTION

Pursuant to Local Rule 54-2.2 and 28 U.S.C. § 1920, Plaintiffs hereby submit the following objection to Defendant's request to tax costs.

## II.    OBJECTIONS TO COSTS

First, Plaintiffs object to the entire cost bill because it fails to comply with L.R. 54-2.1.  L.R. 54-2.1. states that the "bill must state separately and specifically each item of taxable costs claimed.  Moreover, the cost bill itself specifically states: "**NOTE: You must attach an itemization and documentation supporting all requested fees and costs."** The bill of cost fails to comply with L.R. 54-2.1 because it does not contain any itemization supporting the requested costs.  The bill claims a set amount for each category of claimed costs but fails to provide a breakdown of said costs.  Rather, Defendant merely attaches hundreds of pages of bills to the cost without an itemized breakdown.  This fails to satisfy the local rules because it fails to separately and specifically state each item of recoverable cost.  Defendant must show its work so that the Plaintiffs, and more importantly the Clerk, can examine the claimed costs to see if they are actually recoverable.  The Clerk should strike all of Defendant's claimed costs due to Defendant's failure to comply with the local rules.[1]

### A. The Court Should Not Allow Defendant To Recover The $17,768.03 Claimed for Fees for Service of Process

"Taxable costs are limited to relatively minor, incidental expenses…" *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012).  "Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id*.  Without any itemized breakdown, you seek $17,768.03 in fees for service of process.  Recoverable costs are limited to the categories defined in Section 1920.  Section 1920 provides that "A judge or clerk of any court of the United States may tax as costs the following:

---

[1] Plaintiffs reserve their right to challenge additional costs once, and if, Defendant provide additional itemization.

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursement for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

Notably, "The Eight Circuit does not allow recovery of private process service fees as costs because § 1920 contains no provision for the taxation of those expenses." *Qayumi v. Duke University*, 350 F.Supp.3d 432, 435 (M.D. N.C. 2018). This is because the *Taniguchi* opinion has drastically limited the scope of recoverable costs. See *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 925 (9th Cir. 2015) (re-examining the Ninth Circuit's "broad construction of section 1920 with respect to electronic discovery production" in light of *Taniguchi*.). None of the fees claimed for service of process appear to be served by a marshal or clerk. Therefore, the Clerk should strike these claimed costs in their entirety.

**1. Defendant's service of process fees in attachment 1 contain numerous improper charges without explanation**

Even if private process server fees are recoverable, which they should not be, Defendant's claimed costs are rife with charges that are not recoverable under Section 1920. Indeed, pages 1-7 of Defendant's attachment 1 includes fees for record production, copying of medical records, Westlaw research, messenger charges, investigative fees, and court reporter fees that are not recoverable. For example, page 8 contains a charge for $25.00 for a charge to the New York Academy of Medicine for a lib doc photo for $25.00. This is not recoverable. Additionally, page 9 contains charges subpoena preparation ($62.00), rush service of process ($79.00), custodian of records fee ($15.00), and check advance ($2.50).

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

None of these fees are recoverable. Page 10 includes charges for Basic (clerical follow up & copy) ($65.00), custodian of record fee ($21.40), check advance ($2.50), CD Data Migration ($35.00), page charge ($11.55), a bate stamping fee ($0.03), and shipping charges ($2.89). Page 11 includes charges for subpoena preparation ($62.00), rush service of process ($79.00), custodian of record fee ($15.00), and check advance ($2.50). Page 12 includes a charge for basic (clerical follow up) ($65.00). Page 15 includes charges for preparation (expedited) of a subpoena ($62.00), rush service of process fees ($79.00), custodian of record fee ($15.00), a check advance fee ($2.50), and standby charges ($85.00). These are not recoverable. Page 21 includes a $5,000 charge to Boston University for work relating to production of a hard drive. This is not a charge for service of process. Page 22 includes fees for clerical follow up ($65.00), a page charge ($8.75), bate stamping charge ($0.75). Page 27 includes fees for subpoena preparation ($47.00), custodian of record fee ($15.00), and a check advance ($2.50). Page 28 includes fees for basic clerical follow up ($66.00), custodian of record fee ($81.00), check advance ($8.10), page charges ($11.90), color copy charges ($7.50), bate stamping fees ($1.32), and shipping charges ($2.35). Page 29 claims costs for processing fees in the amount of $15.00. Page 30 contains charges for $47.00 for what appear to be copying charges. Page 31 contains charges for basic fees for document copying for $30.00, retrieval fee of $15.00, per page copying costs of $4.75, and shipping charges of $1.60, and sales taxes of $4.10. Page 32 contains charges for $2.80 in copying charges and $0.23 in sales tax. Page 34 contains a rush delivery charge for an expert disclosure of $17.44. Page 36 includes a processing charge for medical records of $117.05. Page 21 of attachment 2 (Dkt. 268-2) includes a charge for $41.84 for copying medical records. Page 24 has a $37.00 for record retrieval. Page 25 appears to be a charge to buy a law review article. Pages 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 39, 40, 41, 42, 43, 45, 50, appear to include eighteen (18) separate

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

1   $275.00 charges to either buy records or as witness fees.  Either way, these charges

2   are excessive.

3         Page 13 includes an $890.00 charge for a background check on one of the

4   Plaintiff's.  Page 14 includes an $1,365.00 charge for a background check on one

5   of the Decedent's.  Page 16 includes a charge for court records for one of the

6   Plaintiff's ($1.00). Page 52 (Dkt 268-2) contains a 245.00 for a second background

7   check on one of the Plaintiff's in this action, and pages 126-127 (Dkt 268-2) contain

8   criminal background checks for the decedents ($490.00).  Pg 128 (Dtk 268-2)

9   contains a charge for a criminal background check for a third party witness

10  ($245.00).  Pgs 129-130 also contain costs for criminal background charges of the

11  parents of one of the decedents ($490). Pg 156 contains another charge for $441.00

12  for a background check on one of the Plaintiffs in this action.

13        Page 18 contains a $5,200 charge for litigation media research.  There is no

14  other explanation of this charge other than litigation media research. These are not

15  investigative fees for service of process and is not recoverable.  Page 58 contains

16  charges for copying medical records ($52.80) and ($15.00) in other fees.  Page 120

17  includes a charge of $224.50 to apparently deliver courtesy copies to the Court.

18  This charge seems vastly excessive considering the charge on Page 119 is $25.00

19  to deliver courtesy copies.

20        Page 19 contains a $425.00 charge for a telephone call with Defendant's

21  general counsel Anthony B. Corleto.  This appears to be an expert charge that is not

22  recoverable.  Pages 23-24 include fees for $11,500[2] ($4,000 +$7,500) for reviewing

23  documents for an expert report and preparing the report.  Page 25 includes $4,000

24  retainer fee for an expert.  Page 26 includes another $6,650.00 in travel time for

25  William B. Barr, a defense expert.  Page 33 contains charges for $3,306.50 for

26  expert work.  These are expert fees that are not recoverable.

27

28  [2] These appear to be fees claimed for service of process, but it is not clear under what category Defendant is claiming these costs.  These are expert witness fees that should not be recoverable.

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

1

2 **2. The service of process charges in Attachment 2 are also not**

3 **recoverable**

4      Defendant also claims that the exhibits attached as Attachment 2 (Dkt. 268-

5 2) provide support for its nearly $20,000 claimed in service of process fees.

6      Page 53 includes a $33.76 charge for "unknown-research required" to obtain

7 a complaint in a case against the NCAA.  Page 54 contains a $32.43 charge for

8 purchase of another complaint entitle Douglas MacKenzie v. NCAA.  Page 55

9 contains a $49.43 charge for purchase of a complaint entitled MacKenzie-Schmidt,

10 Dorothy v. NCAA.  Page 56 contains a $32.43 charge for a complaint entitled

11 Rodney Strensrud v. NCAA. Page 62 includes a $43.43 charge for purchase of a

12 complaint entitled Stensrud v. NCAA.  Page 83 includes a $33.76 charge to

13 investigate to see if there are any complaints involving Paul Bright and/or Kimberly

14 Archie.  Page 84 includes a $55.54 charge to run a search for a possible case entitled

15 Bright/Archie v. Montenegro.   Page 112 includes a $283.17 charge to buy

16 documents from another case.  Page 113 includes a $146.49 charge to purchase a

17 document from a case Keel v. Tara Palmer.  Page 157 has a $164.17 charge to obtain

18 a docket in the Matthew Onyshko v. NCAA case.  Page 175 contains another $12.00

19 charge to purchase the docket in the exact same case.  Page 217 contains a $164.17

20 charge to purchase expert opinion challenges in Onyshko v. NCAA.  Page 236

21 contains another charge to buy documents.  None of these charges are recoverable

22 because they are for legal research, not for investigation for service of process.

23      Page 34 includes an $11.50 charge to hand deliver documents to opposing

24 counsel.  Page 80 seeks $14.16 for hand delivery of a letter to opposing counsel.

25 Page 81 again seeks $11.50 in hand delivery of a letter to opposing counsel.  Page

26 82 again seeks $19.69 for hand delivery of a letter to opposing counsel.  Page 108

27 contains $19.69 charge for another hand delivery of a letter to opposing counsel.

28 Page 109 contains a $14.16 charge for hand delivery of Defendant's Local Rule 37-

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

1    2 report.  Page 110 contains another $14.16 for hand delivery to opposing counsel

2    of a motion.  Page 144 contains a charge of $19.69 to handle deliver a notice of

3    deposition to opposing counsel.  Page 159 contains another charge of $11.50 to

4    serve opposing counsel.  Page 160 contains a $78.54 charge to hand serve opposing

5    counsel.  **Page 178 contains a service charge for $18.81 for Lewis Brisbois to**

6    **messenger documents to its own attorney that was in deposition at Wilson**

7    **Elser, the other firm representing the same defendant**.  Page 189 appears to be

8    a $37.61 service charge for an attorney to send documents to his home address.

9    Page 195 appears to be a $78.54 charge to hand deliver something to opposing

10   counsel's office.  Page 198 appears to be another $78.54 charge to deliver a

11   subpoena to opposing counsel.

12          Page 111 obtains a $298.78 charge that appears to be for a different case.

13   Page 231 references case name Antrim v. Lyft for $142.95 for chiropractic records.

14          Page 118 is a $408.12 charge for service that appears to have been cancelled.

15   This cannot be reasonable and necessary if the service was cancelled.

16          Moreover, given that the Defendant failed to provide an itemization, it is

17   impossible to tell what the costs associated with several the bills that Defendant

18   submitted are actually for.  For example, all of the Lexitas bills include a charge for

19   service of subpoena and a separate charge for a base fee.  It is impossible to tell

20   what the base fee is, and why a witness fee is being incurred for what appears to be

21   a record subpoena.  Indeed, many the bills state that service must be provided that

22   same day.  There is no indication in the cost as to whether the vendor charged

23   Defendant a rush fee for same day service.  It is also difficult to tell who Defendant

24   is serving in a large number of the bills that they submitted.  Moreover, it appears

25   that some of the invoices are duplicates of invoices included are duplicates.  For

26   example, both attachment 1 and attachment 2 include the June 22, 2019 invoice

27   from Terry Thompson Investigations for $1,312.60.  It is not clear what exactly Mr.

28   Thompson did to incur over $1,000 in alleged investigative services, and why

---

7

1  Defendant did not simply reach out to Plaintiff's counsel to see if Plaintiff's counsel

2  could get in contact with a family member of one of the Plaintiff's. Since Defendant

3  has not provided an itemized breakdown of the costs, it is unclear if Defendant is

4  seeking double recovery with this bill, and many others. Therefore, Defendant's

5  cost bill should not be allowed in its entirety.

6      **B. Defendant Seeks Deposition and Witness Fees That Are Excessive and**

7              **Not Recoverable**

8      Pursuant to L.R. 54-3.5(a) "The reasonable cost of preparing the original

9  transcript of the oral portion of a deposition for ordinary, non-expedited

10 delivery…[and] [t]he reasonable cost of one additional copy of the transcript…is

11 taxable." Costs to "expedite the preparation of the transcription, and any charges

12 for 'real time' views of the transcription during the deposition" are not taxable.

13 "The cost of videotaping or recording depositions is not taxable…" Moreover, the

14 "Supreme Court has held that absent contract or explicit statutory authority to the

15 contrary, a federal court may not shift expert witness fees, except in the amount

16 allowed by 28 U.S.C. § 1821(b). That amount is now $40 per witness per day."[3]

17 *People of the State of California v. Kinder Morgan Energy Partners, L.P.*, No.

18 07CV1883-MMA (WVG), 2014 WL 12577031, at *2 (S.D. Cal. Jan. 3, 2014).

19 Here, Defendant requests $35,413.15 for deposition costs without any itemization

20 as to the breakdown of the costs. What is included in Defendant's request that

21 appears to be a charge for deposition is a $19,297.00 charge to Defendant's expert

22 Joseph Sala. This is a charge for expert witness work on the case, not a copy of a

23 deposition transcript. See Attachment 1 pages 72-74. Page 75 contains a physician

24 deposition and trial testimony fee schedule by Venus C. Paxton. The fee schedule

25 includes a $600 fee for deposition. Defendant is only entitled to a $40 per day

26 witness fee. Therefore, $560.00 of that fee should be stricken. Additionally, page

27
28
[3] Defendant claims $7,798.08 in witness fees. For this fee to be reasonable, Defendant would have to take almost 200 depositions. Defendant has not done so and has not provided a breakdown of how it calculated its witness fees. Since Defendant did not provide a breakdown, its witness fees should not be taxed.

8

76 contains a fee schedule for Anna Carrillo for $950.00 for deposition. This fee should be limited to $40.00 as well. Furthermore, page 84 contains a check request for $900 for the deposition fee of Bernard J. Bogard.[4] Again, Defendant's recovery is limited to $40.00 for witness fees. Page 96 contains a request for $800 in expert witness fees for Plaintiffs' expert Lila Laux. Again, Defendant's recovery should be limited to $40.00.

Page 77 contains a retainer agreement with Defendant and its expert Vina Spiehler for $3,000. This is an expert retainer agreement, which is not recoverable as a cost item. Page 104 contains a request for $4,150 for Defendant's expert to read depositions. Pages 106-107 contain a charge of $9,524.00 for Defendant's expert to review materials. Pages 110-111 include a $19,683.50 charge for Defendant's expert to perform work on the case. Pages 112-113 also include a $1,882.92 charge for Defendant's expert to work on the case. Page 114 includes a $832.00 charge for Defendant's expert to perform work. Page 117 contains an $8,000 charge for Defendant's expert to work on the case. Page 118 also includes $9,921.91 charge for Defendant's expert to work on the case.

Page 78 is a charge for the deposition of Venus Paxton. The charge includes a cost for the transcript, a condensed transcript, and the digital transcript. The local rule only allows recovery for the original transcript and a copy of the transcript. This cost bill contains a request for the original plus two copies. Therefore, the Clerk should strike the cost of the digital transcript in the amount of $50.00. The same can be said for page 80 and the deposition of David W. Smith, page 83 for the deposition of Elizabeth Price, page 88 for the deposition of Christopher Rodgers, page 92 for the deposition of Sergeant Cameron Dunnet, page 93 for the deposition of Sherwood Dixson.

Page 81 contains a charge for a litigation support package for the deposition

---

[4] Page 74 of Dkt. 268-2 states that the process server advanced witness fees of $40.00 to Dr. Board. It is unclear from the documents provided if Dr. Bogard requests an additional $900 or if the $40 that was already advanced was credited against that amount.

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

1    of Cho Lwin.  Page 90 contains a request for $45.00 for the deposition of Tamie

2    Packer. Page 91 contains a request for litigation support package for the deposition

3    of Syed H. Jara, M.D. Page 94 contains a request for $45.00 for the litigation support

4    package for Ajay Panchal.  Page 95 contains a request for $45.00 for litigation

5    support package of Kelli Blanchard.  Page 99 contains a request for $45.00 for

6    litigation support package.  Page 102 contains a request for $55.00 for litigation

7    package.  Page 103 contains a request for $55.00 for litigation package for the

8    deposition of Defendant's expert.  Page 105 contains a request for litigation package

9    in the amount of $55.00. Page 108 and 109 also include two charges of $55.00 for

10    litigation packages. These are not recoverable under the local rules.  Therefore, the

11    Clerk should not allow the cost of $545.00 ($45.00 + $45.00 +$45.00 + $45.00

12    +$45.00 + $45.00 + $55.00 + $55.00 + $55.00+ $55.00 + $55.00) for a litigation

13    support package.

14      Page 82 contains a synchronized video fee for the deposition of Sherwood

15    Dixson. Page 89 contains a request for a digital media DVD fee for the videotaped

16    deposition of Anna Carrillo.  Page 98 contains a request for $100.00 for the

17    storycloud download of a videotaped deposition.  Page 100 contains a request for

18    $305.00 for the video for Derek Rundle's deposition.  Page 101 contains a request

19    for $300.00 for the videotaped deposition of Defendant's expert.  In Attachment 2

20    (Doc. 268-2) Defendant claims $16,497.90 in costs to videotape depositions.  See

21    Page 20.  The local rules specifically state that "The cost of videotaping or recording

22    depositions is not taxable unless recording the deposition by video or audio means

23    was ordered by the Court…" L.R. 54-3.5(a).  Therefore, the cost of $17,458.80

24    ($127.95 + 127.95 +$100 + $305.00 + $300 +$16,497.90) for the videotaped

25    depositions are not recoverable.

26      In Attachment 2, page 67, Defendant also claims costs for $39.00 for a

27    litigation package for the deposition of Mark Kilgrow, $25.00 to ask Kilgrow to

28    read and sign his deposition, $11.00 for video pages and $93.75 for a waiting fee.

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

1    On Page 68, Defendant seeks costs for $335.00 for late cancellation of a nonparty

2    deponent.  On Page 69, Defendant seeks costs for $39.00 for litigation support

3    package, $26.40 for video pages, and $25.00 for SASE processing.  On Page 70

4    Defendant seeks costs of $370.00 for late cancellation fee for the video of a nonparty

5    deponent. On Page 71, Defendant seeks to recover $40.15 for video pages, and

6    $39.00 for litigation support package.   Page 101 contains charges for litigation

7    support package ($39.00), video pages ($14.30), and late scheduling ($75.00). Page

8    151 seeks costs for a non-appearance fee of $320.25 for a non party witness.  Page

9    152 also seeks $285.00 for a non-appearance fee for a non-party witness.  Neither

10   of these fees were reasonable and necessary.  Page 167 also seeks recovery for

11   another $45.00 for a litigation support package and $26.40 in video pages.  Page

12   168 seeks recovery of $395.00 for late cancellation of two third party witnesses.

13   Page 170 seeks recovery of $15.00 charges in litigation support package.  Page 171

14   also seeks recovery of $15.00 for litigation support package.  Page 202 seeks costs

15   for three transcripts.  One of the transcripts for $25.00 should be stricken.  Page 204

16   seeks costs for $350.00 for a cancelled deposition of a third party.  Page 208 seeks

17   costs for $45.00 in litigation support package, $19.80 for video pages and $150.00

18   in late scheduling.  Page 213 seeks reimbursement for $95.00 for LEF file fees, and

19   page 214 for $57.76 for financing charges.  Page 215 seeks to recover for three

20   transcripts.  The court should strike one of the $25.00 charges.  Page 216 seeks

21   recovery for video pages ($46.20), late scheduling ($150.00), SASE processing

22   ($25.00), litigation support package ($45.00), and a condensed transcript ($32.50).[5]

23   Page 219 has another $95.00 charge for LEF.  Page 220 has a $51.37 finance charge.

24   Page 221 seeks $45.00 for litigation support package, $30.00 to read and sign

25   ($30.00) for a conference call charge, and $200 for late scheduling.  Page 222

26   contains charges for $45.00 for litigation support package, $23.40 for video pages,

27   and $200 for late scheduling.  Page 223 seeks costs for $45.00 and $15.00 for video

28

[5] The bill also includes an original and rough copy

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

pages. Page 233 includes a $45.00 charge for litigation support package, a $41.40 charge for video pages, $21.25 for a waiting fee, and $25.00 for SASE processing. Page 249 contains a $45.00 for a litigation support package, a $42.50 waiting fee, and a $150.00 fee for late scheduling. None of these fees are recoverable pursuant to the local rules.

**C. Defendant's Claimed Cost for Transcripts of Court Proceedings is Not Recoverable Because the Court Did Not Approve the Cost.**

Under L.R. 54-3.4, Transcripts of court proceedings is not taxable unless, before the cost is incurred, it is approved by the Court or stipulated by counsel in writing to be recoverable. The court did not approve the costs of any transcript and we have not stipulated to such. Therefore, the $122.40 claimed for transcripts costs is not recoverable.

**D. Defendant Did Not Meet its Burden for Certification and Copying Costs**

In order to recover costs for copying documents, the "party seeking taxation of costs under this local rule must provide a consolidated itemization of copying costs, setting forth with specificity, particularity, and clarity the distinct tasks and services performed. Costs incurred for the convenience of counsel or as prefatory steps in the discovery process before copying documents for actual production are not recoverable." L.R. 54-3.10. It is the burden of the "party requesting costs to make a specific showing of the criteria listed for taxation of copying costs." *People of the State of California v. Kinder Morgan Energy Partners, L.P.*, 2014 WL 12577031, at *5. Defendant's cost bill fails to provide a consolidated itemization of copying costs describing the services performed. Therefore, Defendant has not met its burden to recover these costs, and the $33,819.74 in certification costs should be stricken in its entirety. See also *Online DVD-Rental Antitrust*, 779 F.3d at 930 ("the circumstances in which a copy will be deemed 'necessarily obtained' for use in the case will be extremely limited.").

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

1

2
**E. The Court Should Refuse to Award Costs Due to the Public**

3
**Importance of the Issues Being Advanced**

4
"The Ninth Circuit has recognized a number of factors that 'would justify a

5
district court's refusal to award costs to a prevailing party,' including…'the public

6
importance' of the issues raised and that the 'legal questions…raised are close and

7
complex. *Hardwick v. County of Orange*, No. SACV131390JLSANX, 2017 WL

8
5664992, at * 6 (C.D. Cal. Oct. 2, 2017). Another factor is the "party's limited

9
financial resources." *Association of Mexican-American Educators v. State of*

10
*California*, 231 F.3d 572, 592 (9th Cir. 2000). Here, this case involves issues of

11
substantial public importance. Specifically, this case was brought by two mothers

12
seeking to educate the public about the potential dangers associated with youth

13
football and the lack of safety standards. Hundreds of thousands of children still

14
play football every year. Children should be aware of the risks associate with

15
repetitive head impacts, a risk that football organizations across the United States

16
are attempting to minimize. Furthermore, two individual mothers should not be

17
required to pay over $90,000. This type of large cost bill will have a chilling effect

18
on future litigants and discourage future litigants from pursuing valid claims.

19
Moreover, the issues were close and complex. As this Court pointed out in

20
oral argument on Defendant's motion for summary judgment, Plaintiffs presented

21
sufficient evidence to get "past general [causation]", but the Court ruled that

22
Plaintiffs' experts did not present sufficient evidence for specific causation. The

23
high costs claimed by Defendant would discourage other litigants from advancing

24
potentially meritorious and socially important youth brain injury claims against

25
football organizations.

26
**III. CONCLUSION**

27
Defendant should not be allowed to recover any of its claimed costs. First,

28
Defendant failed to comply with the local rules because it failed to itemize its

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS

claimed costs.  Second, Defendant's cost bill is rife with improper costs.  Finally, the Court should utilize its discretion to disallow costs due to the substantial public importance of this matter.  If the Court is inclined to tax any of the claimed costs, the Court should stay the enforcement of judgment due to the fact that Plaintiffs have appealed.

Dated: January 24, 2020                                   **ABIR COHEN TREYZON SALO, LLP**


By: _____/s/ Joseph Finnerty_____
        Boris Treyzon, Esq.
        Attorneys for Plaintiffs

PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS