**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLY ARCHIE, as survivors of decedent Paul Bright Jr.; JO CORNELL, an individual, and as survivor of decedent Tyler Cornell,<br><br>        Plaintiffs-Appellants,<br><br> v.<br><br>POP WARNER LITTLE SCHOLARS, INC., a nonprofit corporation,<br><br>        Defendant-Appellee. | No.   20-55081<br><br>D.C. No.<br>2:16-cv-06603-PSG-PLA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted August 30, 2021
Pasadena, California

Before:  IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Appellants Kimberly Archie and Jo Cornell filed suit under the Class Action Fairness Act of 2005 (CAFA) against Pop Warner Little Scholars, Inc. ("Pop Warner").  The operative complaint asserted various state law claims based on

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

allegations that Pop Warner failed to provide for the safety and health of its child participants. Appellants alleged that playing Pop Warner football caused their sons' brain damage known as chronic traumatic encephalopathy ("CTE"), that CTE caused their sons to engage in suicidal or reckless behavior, and that such behavior ultimately led to their sons' untimely deaths.

The district court granted summary judgment to Pop Warner because Appellants' causation experts rendered unreliable and thus inadmissible opinions. As an alternative basis supporting its summary judgment order, the district court found that, even assuming Appellants' experts rendered admissible opinions, Appellants produced insufficient evidence to create a triable issue as to causation under California law. Appellants challenge the district court's summary judgment order. Pop Warner also raises the issue that the complaint fails to allege minimal diversity under the CAFA, but the parties agree that this jurisdictional defect can be corrected under 28 U.S.C. § 1653.

We have jurisdiction under 28 U.S.C. § 1291. We order that the complaint be amended, *nunc pro tunc*, to reflect that Appellants are citizens of California and affirm the district court's summary judgment order.

"[W]e review questions of jurisdiction even if raised for the first time on appeal." *United States v. Powell*, 24 F.3d 28, 30 (9th Cir. 1994). We review de novo the district court's grant of summary judgment, viewing the evidence in the

light most favorable to the non-moving party. *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1199 (9th Cir. 2014). "We review a district court's decision to exclude expert testimony for abuse of discretion." *United States v. Benavidez-Benavidez*, 217 F.3d 720, 723 (9th Cir. 2000). "Under the abuse of discretion standard, we cannot reverse unless we have a definite and firm conviction that the district court committed a clear error of judgment." *Id.*

1. To establish jurisdiction under the CAFA, Appellants needed to allege in their complaint that one of them was a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A). The complaint failed to do so. But "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Because the record supports that Appellants were California citizens when they filed the complaint and the parties agree on that fact, we exercise our authority under § 1653 and order the complaint amended, *nunc pro tunc*, to reflect that Appellants are citizens of California. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 (9th Cir. 2002) (per curiam).

2. Under Federal Rule of Evidence 702, expert testimony must be relevant and reliable. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Only the reliability prong is at issue. "The reliability threshold requires that the expert's testimony have 'a reliable basis in the knowledge and experience of the relevant discipline.' The court must determine 'whether the reasoning or

methodology underlying the testimony is scientifically valid.'" *Messick*, 747 F.3d at 1197 (citations omitted). Exclusion is permissible when "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Appellants introduced declarations and reports from two causation experts to establish that Pop Warner football was a substantial factor in causing the young men's deaths.[1] Both experts concluded that playing Pop Warner football could have caused CTE and that CTE is linked to suicidal and reckless behaviors, and based on those underlying conclusions, the experts ultimately concluded that Pop Warner was therefore a substantial causal factor in the deaths. Both opinions, however, contained no explanation supporting the logical leap from the underlying conclusions to the ultimate conclusion. Put differently, neither expert explained why Pop Warner was a *substantial* cause rather than simply a *possible* cause. Given this logical gap, the district court did not abuse its discretion in finding that the expert opinions were unreliable and thus inadmissible. Because none of Appellants' claims on appeal can survive without expert testimony establishing

---

[1] Appellants agree that California substantive law, including its substantial factor test, applies to their claims on appeal. *See Rutherford v. Owens-Illinois, Inc.*, 941 P.2d 1203, 1214 (Cal. 1997).

causation,[2] *see Jones v. Ortho Pharm. Corp.*, 209 Cal. Rptr. 456, 460 (Ct. App. 1985), the district court properly granted summary judgment to Pop Warner.

3. We also agree with the district court's alternative holding that, even assuming Appellants' causation experts rendered admissible opinions, Appellants' evidence failed to raise a triable issue as to causation under California law. Appellants had to proffer an expert opinion "that contain[ed] a reasoned explanation illuminating why the facts ha[d] convinced the expert, and therefore should convince the jury, that it [was] *more probable than not* the negligent act was a cause-in-fact of the plaintiff's injury." *Jennings v. Palomar Pomerado Health Sys., Inc.*, 8 Cal. Rptr. 3d 363, 370 (Ct. App. 2003). Appellants failed to do so, as their experts' opinions showed only that Pop Warner football *could have* caused the deaths and contained no explanation why Pop Warner football *likely* caused the deaths.[3]

The complaint is ordered **AMENDED,** *nunc pro tunc*; and the district court's summary judgment order is **AFFIRMED**.

---

[2] The district court determined that all of Appellants' claims on appeal depended on a showing of causation supported by expert testimony. Appellants do not challenge that determination.

[3] To the extent the district court based its conclusion on the lack of evidence as to concussions or head injuries suffered by the two decedents during their time playing Pop Warner football, we agree that such reliance was erroneous. But any such error was harmless given that we agree with the district court's alternative basis for concluding that Appellants had failed to create a triable issue as to causation.